## FARGO & SOUTHWESTERN RY. CO. *vs.* BREWER.

Opinion filed Aug. 9th, 1892.

**Railroad Companies—Taxation—Exemptions—"Gross Earnings Law."**

> Chapter 99, of the Laws of 1883, known as the "Gross Earnings Law," did not exempt from taxation property of a railroad company, not embraced in any land grant and not used for railroad purposes.

Appeal from District Court, Stutsman County; *Rose*, J.

Action by the Fargo & Southwestern Railroad Company against William E. Brewer, as county treasurer of LaMoure County, to restrain certain tax proceedings. A demurrer to the complaint was sustained, and plaintiff appeals.

Affirmed.

*Ball & Watson* and *John C. Bullitt, Jr.,* for appellant.

*L. C. Harris,* for respondent.

CORLISS, C. J. The object of this litigation was the restraining of certain tax proceedings. A demurrer to the complaint was sustained, and from the judgment dismissing the action this appeal is taken. The land assessed was city property, situated in the city of LaMoure. The plaintiff urges that this land was exempt from taxation under the provisions of the gross earnings act of 1883. This statute provides that, "in lieu of any and all other taxes upon any railroad, except railroads operated by horse power, within this territory, or upon the equipments, appurtenances, or appendages thereof, or upon any other property situated in this territory belonging to the corporation owning or operating such railroads, or upon the capital stock or business transactions of such railroad, there shall hereafter be paid into the treasury of the territory a percentage of all the gross earnings of the corporation owning or operating such railroad, arising from the operation of such railroad as shall be situated within this territory, as hereinafter stated." The balance of the act fixes the percentage to be paid, and relates to matters of detail not

important to the point under consideration. If the real estate assessed had been a portion of a land grant to the plaintiff, there might have been force in the contention that the law did in fact exempt it from taxation. But there is no pretense that the land assessed was of that character, nor is it claimed that the land was purchased or used for railroad purposes. It consisted of lots in the city of LaMoure, and had no connection with the operation of plaintiff's road. Despite the broad language of the statute, we are of opinion that such property ' was not intended to be exempted from taxation. The authorities are unanimous on the point. The reasoning on which the cases rest is satisfactory to our minds. We will not state the reasons for the doctrine which these cases enunciate, but content ourselves with citing them in support of our decision that the lands, not being used for railroad purposes, were not exempted from taxation by the act referred to. *State* v. *Commissioners,* 23 N. J. Law 510; *Cook* v. *State,* 33 N. J. Law 474; *State* v. *Flavell,* 24 N. J. Law 370; *Bank* v. *State,* 104 U. S. 493; *State* v. *Fuller,* 40 N. J. Laws 328; *County of Todd* v. *Railroad Co.,* (Minn.) 36 N. W. Rep. 109; *Ford* v. *Land Co.,* 43 Fed. Rep. 181; *County of Ramsey* v. *Railroad Co.,* (Minn) 24 N. W. Rep, 313.

The judgment of the District Court is affirmed. All concur.

BARTHOLOMEW and WALLIN, J. J., having been of counsel, did not sit on the hearing of the above case, nor take any part in the decision; Judge Winchester, of the Sixth Judicial District, and Judge McConnell, of the Third Judicial District, sitting in their places by request.